Lucinda Hensley, et al. v. Jno. Breeding.

[Abstract Kentucky Law Reporter, Vol. 7—604.]

**Sufficiency of an Ejectment Petition.**

> Even though defective, a petition in ejectment is sufficient to withstand a demurrer when it alleges that the plaintiff is the owner of the land and is entitled to the possession.

APPEAL FROM OWSLEY CIRCUIT COURT.

February 23, 1886.

Opinion by Judge Pryor:

By eliminating from the petition the useless matter that encumbers it, there is enough left to make the pleading good as an action in the nature of an ejectment. If the object of the petition is to set aside the proceedings formerly instituted against the ancestor of these appellants by which he was divested of the land in controversy, it is fatally defective, as it sets forth neither the character of those proceedings nor the parties to it; in fact the court is not informed as to the subject-matter of that controversy. It is alleged, however, in that proceeding that the appellants' intestate was not before the court, and whatever the proceedings were the judgment must have been void. This leaves the petition with the averment that the plaintiffs are the owners of the land and entitled to the possession, and that, the defendant being in the wrongful possession, the plaintiffs are entitled to recover. The petition is defective in form, but when stripped of its surplusage and the substantial averments read together it amounts to an action for the recovery of real property by the widow and heirs of Hensley against Jno. Breeding. The judgment sustaining the demurrer is *reversed* and the cause remanded for proceedings consistent with this opinion.

*J. & J. W. Rodman, for appellants.*

*H. C. Eversole, for appellee.*